UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Civil Action No. 9:21-cv-81320

ANDREW T. KOUBEK,

    Plaintiff,

v.

IC SYSTEM, INC.,

    Defendant,
_____/

## COMPLAINT

**NOW COMES** ANDREW T. KOUBEK, by and through his undersigned counsel, complaining of Defendant IC SYSTEM, INC., as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §559.55 *et. seq.*

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

5. ANDREW T. KOUBEK ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Palm Beach Gardens, Florida.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

8. IC SYSTEM, INC. ("Defendant") is a debt collection agency with its principal place of business at 444 Highway 96E, Saint Paul, Minnesota 55127.

9. Defendant specializes in debt collection and collects debts on behalf of others nationwide.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

11. Defendant is a "debt collector" as defined by Fla. Stat. § 559.55(7).

## FACTUAL ALLEGATIONS

12. At some point, Plaintiff obtained services from Comcast Cable ("Comcast").

13. When Plaintiff moved to Florida, Comcast informed Plaintiff that he would need to cancel his current service and establish service at a new address within 90 days to avoid the cancellation fee.

14. Plaintiff switched his service within a week of cancellation and never received any communication from Comcast regarding a transfer fee being charged.

15. Additionally, Comcast did not mention a transfer fee when Plaintiff discussed his impending move and transfer of services.

16. At some point in 2020, Plaintiff started receiving calls from Defendant.

17. Defendant advised Plaintiff that it was attempting to collect a transfer fee on behalf of Comcast in the amount of approximately $118 ("subject debt").

18. The subject debt is a debt as defined by 15 U.S.C. § 1692a(5).

19. Plaintiff answered Defendant's call and explained the situation, stating that he did not owe the subject debt.

20. In or around January 2021, frustrated that Defendant was still attempting to collect on a debt that he did not owe, Plaintiff asked Defendant to stop calling him.

21. Unfortunately, Defendant continued to place harassing collection calls to Plaintiff.

22. In total, Defendant has placed dozens upon dozens of unwanted and unconsented to phone calls to Plaintiff since he requested that the phone calls cease.

23. Despite Plaintiff's request that Defendant cease its harassing collection efforts, Defendant continues to employ abusive collection practices in an effort to collect the subject debt, including the use of harassing phone calls.

24. Concerned with Defendant's abusive debt collection practices, Plaintiff retained counsel to file this action to compel Defendant to cease its abusive conduct.

## CLAIMS FOR RELIEF

### COUNT I:

### Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*)

25. Paragraphs 12-24 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### a. Violation(s) of 15 U.S.C. §1692c

26. Section 1692c(a) of the FDCPA provides:

Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-

(1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. . .

15 U.S.C. § 1692c(a)(1).

27. Defendant violated 15 U.S.C. § 1692c(a)(1) by placing phone calls to Plaintiff's cell phone after Plaintiff requested that the phone calls cease.

28. Specifically, after Plaintiff requested that the phone calls cease, any time that Defendant called Plaintiff was an inconvenient time.

### b. Violations of FDCPA §1692d

29. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

30. Section 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

31. Defendant violated §§ 1692d and d(5) when it placed dozens upon dozens of unwanted and unconsented to collection calls in an attempt to collect the subject debt after Plaintiff requested that the phone calls cease.

32. Defendant's behavior of systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt was harassing and abusive.

33. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

### c. Violations of FDCPA §1692e

34. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e.

35. Section 1692e(2) of the FDCPA prohibits a debt collector from "the false representation of (a) the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2).

36. Defendant violated 15 U.S.C. §§1692e and e(2) when it attempted to collect on a debt which Plaintiff had clearly stated he did not owe, thus misrepresenting the amount that Plaintiff actually owed (which was zero).

**WHEREFORE,** Plaintiff, ANDREW T. KOUBEK, requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

c. Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II
**Florida Consumer Collection Practices Act (Fla. Stat. § 559.55 *et seq*.)**

37. Paragraphs 12-24 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**a. Violation(s) of Fla. Stat. § 559.72(7)**

38. Subsection 559.72(7) of the FCCPA provides:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Fla. Stat. § 559.72(7).

39. Defendant violated Fla. Stat. § 559.72(7) by continuously calling Plaintiff after being asked to stop. See Waite v. Fin. Recovery Servs., Inc., 2010 U.S. Dist. LEXIS 133438, 2010 WL 5209350, at *3 (M.D. Fla. Dec. 16, 2010). (misconduct includes calling the plaintiff after being asked to stop).

40. Subsection 559.72(9) of the FCCPA provides:

In collecting consumer debts, no person shall:

> (9) Claim, attempt, of threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

41. Defendant violated Fla. Stat. §559.72(9) by continuing attempts to collect a debt which Plaintiff had informed Defendant he did not owe.

42. Plaintiff may enforce the provisions of Fla. Stat. § 559.72(7) pursuant to Fla. Stat. § 559.77(2) which provides:

> Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

**WHEREFORE**, Plaintiff, ANDREW T. KOUBEK, requests the following relief:

a. a finding that Defendant violated Fla. Stat. §§ 559.72(7) and 559.72(9);

b. an award of actual damages sustained by Plaintiff as a result of Defendant's violation(s);

c. an award of additional statutory damages, as the Court may allow, but not exceeding $1,000.00;

d. an award of court costs and reasonable attorney's fees incurred by Plaintiff; and

e. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury.

Dated: July 30, 2021

Respectfully submitted,

**ANDREW T. KOUBEK**

By: /s/*Alejandro E. Figueroa*

Alejandro E. Figueroa, Esq.
Florida Bar No. 1021163
SULAIMAN LAW GROUP, LTD.
2500 S. Highland Ave Suite 200
Lombard, IL 60148
(630) 575-8181
(630) 575-8188 (fax)
alejandrof@sulaimanlaw.com
*Counsel for Plaintiff*